**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                    **Case No. 6:98-cr-109-Orl-22GJK**

**COREY LAMONT STOKES**

_____

**ORDER**

**I. INTRODUCTION**

On February 4, 2008, the Court directed the United States Probation Office to prepare a supplemental presentence report addressing Defendant's eligibility for a sentence reduction pursuant to Amendment 706, as amended by Amendment 711,[1] to the United States Sentencing Guidelines.  The Probation Office advised the Court of its position that Defendant did not qualify for a sentence reduction because the amendment did not have the effect of lowering the Guidelines range applicable to his case.  Both the Government and Defendant filed responses to the supplemental report, _see_ Docs. 46 & 50, and a hearing was held on the matter on March 26, 2008.  After considering the parties' respective positions, the Court determines that Defendant is entitled to a sentence reduction in accordance with Amendment 706 for the reasons that follow.

**II. BACKGROUND**

On July 10, 1998, Defendant pled guilty to a charge of possession with intent to distribute, and possession of, cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).

---

[1] Amendment 711 merely effected technical changes to the Commentary to § 2D1.1 of the United States Sentencing Guidelines which are not relevant to the discussion herein.  _See_ United States Sentencing Commission, _Guidelines Manual_, App. C, Amend. 711 (2007).

*See* Doc. 33.  On September 25, 1998, at the time of sentencing, Defendant was held responsible

for possession of 85.6 grams of cocaine base ("crack" cocaine), 240 grams of cocaine

hydrochloride ("powder" cocaine), and 33.7 grams of marijuana.  Presentence Investigation

Report ("P.S.R.") ¶ 12.  The combination of these controlled substances resulted in a base offense

level of 32 under the United States Sentencing Guidelines in effect on September 25, 1998.

P.S.R. ¶ 13.  In addition, Defendant was given a two-level reduction for acceptance of

responsibility and a one-level reduction for his assistance in the investigation of the offense,

resulting in a total offense level of 29.[2]  P.S.R. ¶¶ 19 & 20.  After incorporating Defendant's

Category V criminal history, the guidelines range applicable to his case was 140 - 175 months

imprisonment.  U.S.S.G. Ch. 5 Pt. A (1998).  The Court ultimately sentenced Defendant to 150

months imprisonment.  *See* Doc. 37.

In 2007, the United States Sentencing Commission amended U.S.S.G. § 2D1.1 in an effort

to alleviate the Guidelines' disparate treatment of offenders convicted of possession of different

forms of cocaine.  *See* U.S.S.G. App.C, Amend. 706 (2007).  For example, prior to the revision,

drug offenders who were convicted of possessing 5 grams of crack cocaine received the same base

offense level as offenders who were convicted of possessing 500 grams of powder cocaine.  With

Amendment 706, the Sentencing Commission sought to reduce this so-called "100-to-1 drug

quantity ratio" by lowering the base offense level for a given amount of crack cocaine by two

levels.  Thus, where a defendant convicted of possession of at least 50 grams but less than 150

grams of crack cocaine prior to the effective date of the amendment would have received a base

---

[2] The Court found the two-level enhancement recommended by the Probation Office for possession of a firearm, *see* PSR ¶ 14, inapplicable.

offense level of 32, application of the revised guidelines to the same amount of crack cocaine today generally results in a base offense level of 30.

Unfortunately, Defendant, who was convicted of an offense involving multiple controlled substances, i.e., crack cocaine and at least one other controlled substance, falls into an apparent loophole in the revised system which renders his base offense level unaffected.  This loophole was created by Amendment 706 when, in addition to lowering the general base offense levels for certain quantities of crack cocaine, the Sentencing Commission revised the Commentary to U.S.S.G. § 2D1.1 to include a new drug equivalency table applicable only to those offenses involving crack cocaine and at least one other controlled substance.  *See* U.S.S.G. § 2D1.1, comment. (n.10(D)(i)(II)).  Pursuant to the revised Commentary, after determining the amended base offense level for a given quantity of crack cocaine, a sentencing court must then convert the quantity of crack cocaine to a quantity of marijuana based on a multiplier associated with the revised base offense level.  This multiplier seemingly arbitrarily shifts up and down as the base offense level increases and ultimately produces what some courts have already deemed "confounding," "bizarre," and "unjustified" sentence disparities among similarly-situated offenders.[3]  *See U.S. v. Horta*, No. CR-07-16-B-W, --- F. Supp. 2d ----, 2008 WL 445893, at *3 (D. Me. Feb. 19, 2008) ("Enhancing the sentences for those at the lowest end of cocaine base possession . . . and leaving unaffected others responsible for significantly more is equally confounding."); *U.S. v. Watkins*, 531 F. Supp. 2d 943, 944 (E.D. Tenn. 2008) (finding that

_____

[3] For a detailed discussion of the mathematical anomaly created by the new drug equivalency table, see the Honorable John A. Woodcock, Jr.'s sentencing order in *U.S. v. Horta*, No. CR-07-16-B-W, --- F. Supp. 2d ----, 2008 WL 445893, at *2-3 (D. Me. Feb. 19, 2008).

"application of the Guidelines as written produced an irrational result"); *U.S. v. Molina*, No. 06-CR-482 (JG), 2008 WL 544703, at *2 (E.D.N.Y. Feb. 28, 2008) (noting that "[t]he Drug Equivalency Tables produce a bizarre and unjustified outcome . . . .").

In Defendant's case, the revised Drug Quantity Table contained in U.S.S.G. § 2D1.1(c) initially yields a base offense level of 30 for 85.6 grams of crack cocaine, a two-level reduction from the base offense level applicable to this same quantity in 1998. However, when the crack cocaine quantity is converted to a relative quantity of marijuana using the new drug equivalency table multiplier for base offense level 30, i.e., 14 kg of marijuana per gram of cocaine base, the resulting amount of marijuana is 1198.4 kg, which effectively raises his base offense level back to 32. *See* U.S.S.G. § 2D1.1(c)(4) ("At least 1,000 KG but less than 3,000 KG of Marihuana"). The Court notes that the addition of the marijuana equivalency of the other controlled substances with which Defendant was credited at sentencing does not alter the base offense level in any meaningful way. If the Court incorporates the same three-level reduction Defendant originally received in 1998, his total offense level returns to 29. Adding in his Category V criminal history, Defendant's new guideline range is exactly the same as it was prior to Amendment 706: 140 - 175 months imprisonment. Even so, Defendant maintains that he is entitled to the same sentence reduction that other similarly-situated offenders will receive. The Court agrees.

### III. JURISDICTION TO REDUCE SENTENCE

Jurisdiction to grant a sentence reduction in this case is derived from 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the

Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement in this regard is U.S.S.G. § 1B1.10, which provides, in part, that a court may reduce a defendant's term of imprisonment under § 3582(c)(2) if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) . . . ." U.S.S.G. § 1B1.10(a)(1). Amendments 706 and 711 are listed in U.S.S.G. § 1B1.10(c), and, as such, can be applied retroactively.

While there is no dispute that Amendment 706 has been rendered retroactive, the Government argues that because the guideline range applicable in Defendant's case has not technically been lowered by the amendment, the Court does not have jurisdiction to grant him a sentence reduction under § 3582(c)(2).  Defendant, on the other hand, argues that indeed his guideline range has been lowered by Amendment 706, as his initial base offense level is reduced from 32 to 30 under the revised Drug Quantity Table contained in U.S.S.G. § 2D1.1(c).  The Court agrees with Defendant.  Amendment 706 does have the effect of lowering  the guideline range applicable in his case, inasmuch as the initial application of § 2D1.1(c) yields a base offense level of 30 where it would have previously yielded a level 32.  Therefore, the Court finds that it has jurisdiction under § 3582(c)(2) to consider whether to grant Defendant a reduction in his sentence.

## IV. DETERMINATION OF REDUCED SENTENCE

Having found jurisdiction to reduce Defendant's sentence, the Court now turns to whether

§ 3582(c)(2) allows a reduction in Defendant's base offense level where a strict application of the revised Commentary to U.S.S.G. §2D1.1 would not otherwise yield such a reduction. Defendant argues that the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), rendered the Guidelines advisory in all contexts, including sentence reduction proceedings. The Government, on the other hand, argues that Eleventh Circuit precedent mandates a strictly mechanical application of the Sentencing Guidelines in the context of a § 3582(c)(2) proceeding. The Government relies on cases such as *U.S. v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("*Booker* is inapplicable to § 3582(c)(2) motions."), and *U.S. v. Riley*, 164 F. App'x 836, 839 (11th Cir. 2006) ("The authority to reduce the sentence comes from 18 U.S.C. § 3582, and this statute was not affected by *Booker* and the advisory nature of the Guidelines post-*Booker*") in support of this argument.

The Court recognizes the rules announced in the Government's cited cases; however, the Court is of the opinion that these cases address an issue that is readily distinguishable from the facts of this case. Indeed, the Court agrees with the Government that, under Eleventh Circuit precedent, a court generally cannot assert jurisdiction to reduce a defendant's sentence under § 3582(c)(2) merely by virtue of the United States Supreme Court's announcement in *Booker* that the Guidelines are advisory. That is, *Booker* itself does not create jurisdiction. However, in this case, the issue is different. The Court has already found that § 3582(c)(2) is properly triggered by the Sentencing Commission's lowering of the guidelines range applicable in Defendant's case, without the aid of any *Booker* considerations. Thus, unlike in *Moreno* and *Riley*, the Court here is properly deriving its authority to grant a sentence reduction from the statute, not solely by virtue of the advisory nature of the Guidelines.

Unfortunately, the Eleventh Circuit has not yet provided guidance on the issue of whether *Booker* applies to sentence reduction proceedings under § 3582(c)(2) once jurisdiction to reduce a sentence has been properly established.[4]  To be sure, the Eleventh Circuit has not, in any published opinion post-*Booker*, announced that the Guidelines may never be considered advisory in the context of § 3582 sentence reduction proceedings.  Therefore, after considering the appropriate

§ 3553(a) factors, in conjunction with *Booker* and *Kimbrough v. U.S.*, 128 S. Ct. 558, 564 (2007) (holding that "under *Booker*, the cocaine Guidelines, like all other Guidelines, are advisory only" and expressly authorizing judges to consider the crack/powder disparity as one factor among many in determining an appropriate sentence), the Court determines that the applicable amended guideline range in Defendant's case should be determined using a base offense level of 30.  After factoring in the three-level reduction previously granted to Defendant upon his initial sentencing, Defendant's total offense level is 27.  Defendant's criminal history Category V, in conjunction with a total offense level of 27, calls for a revised guideline range of 120-150 months imprisonment.  *See* U.S.S.G. Ch. 5 Pt. A (2007).

### V. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

---

[4] In fact, the Ninth Circuit is the only court of appeals to address the question so far.  In *U.S. v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), the court considered whether *Booker* rendered the guidelines advisory in a § 3582(c)(2) proceeding prompted by Amendment 599 to the United States Sentencing Guidelines, which retroactively eliminated certain sentence enhancements for possession of a firearm. In concluding that *Booker* should apply to render the Guidelines advisory in a § 3582(c)(2) sentence reduction proceeding, the court held that, "*Booker* expressly rejected the idea that the Guidelines might be advisory in certain contexts but not in others, and Congress has done nothing to undermine this conclusion."  *Id*. at 1170.

1.      Defendant's Motion to Modify His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 39), Motion to Stay Ruling on Motion to Modify His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) until March 3rd (Doc. 40), and Motion for Independent Assessment of Motion For Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 49), are all **DENIED** as moot. The Court finds that Defendant is eligible and suitable for a reduction in his base offense level pursuant to Amendments 706 and 711 to the United States Sentencing Guidelines.

2.      The Court hereby reduces Defendant's sentence as to Count One from a period of 150 months to a period of 120 months.  If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence.

3.      The Judgment in a Criminal Case (Doc. 37) is amended to reflect this reduction.

4.      Defendant shall be released in accordance with this Order.  However, in any event, the Bureau of Prisons shall not release Defendant until ten days after the entry of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 7, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons